UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ELECTROLUX DRYER PRODUCTS
LIABILITY LITIGATION                                                                MDL No. 2477

ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, the American Family Mutual Insurance Company ("American Family"), a plaintiff in three actions, moves to centralize this litigation, which consists of 35 actions[1] pending in 21 districts as listed on Schedule A, in the Northern District of Illinois. Plaintiffs in 11 subrogation actions support centralization.[2] Plaintiffs in two putative class actions oppose centralization, and plaintiffs in three actions request exclusion of their actions from transfer. All defendants[3] oppose centralization. The actions in this litigation involve fire-related property damage allegedly caused by defective dryers manufactured by Electrolux.

American Family and other insurers contend that centralization is warranted because common factual questions predominate on a single alleged common defect – the "ball-hitch" design – which poses a fire hazard through the same mechanism, accumulation of lint behind the drum near the heat source. They further contend that discovery on this common issue has been inconsistent across actions because of numerous discovery disputes. Electrolux contends that centralization is inappropriate primarily because highly individualized facts concerning the circumstances of each fire will predominate with respect to variations in the dryer models, installation, venting, compliance with local building codes, and owner maintenance. Electrolux, along with opposing plaintiffs, also argue that many of the actions are too advanced to benefit from transfer (*i.e.,* trial-ready or nearing completion of discovery).

---

[*] Judge Sarah S. Vance took no part in the decision of this matter.

[1] There were 52 actions listed on American Family's motion for centralization, but 17 actions pending in various districts have been terminated since the motion was filed. Following the hearing on this matter, the Panel was notified of three related actions.

[2] State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Lloyds ("State Farm"); Farmers Insurance Exchange and Fire Insurance Exchange ("Farmers"); New Jersey Manufacturers Insurance Group; and Topa Insurance Company.

[3] Electrolux Home Products, Inc.; Electrolux Home Care Products, Inc.; Electrolux North America, Inc.; Sears Roebuck & Co.; and Sears Holdings Corporation.

-2-

On the basis of the papers filed and the hearing session held, we will deny plaintiff's motion. Although these actions share factual questions arising out of allegations that dryers manufactured by Electrolux have a common design defect that has resulted in fires, the Panel is not persuaded that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. The litigation over the Electrolux dryers – primarily, subrogation actions brought by insurers – is at this stage quite mature, involving a product that has been on the market since the mid-1990s and numerous trials that have reached jury verdicts. On the present record, it appears that individualized facts concerning the circumstances of each fire, including installation, repair, and maintenance, will predominate over the common factual issues alleged by plaintiffs.[4]  Additionally, many of the actions are procedurally advanced. Discovery is complete in nine actions, and scheduled to close in the next two months in another ten actions. Although about 16 actions are in early discovery, Electrolux represents in its brief that existing discovery sharing agreements pertain "effectively to all cases," and at oral argument, reiterated its commitment to sharing common discovery.

We encourage the parties to continue to employ various alternatives to transfer which may minimize the potential for duplicative discovery and inconsistent pretrial rulings.  *See, e.g., In re: Yellow Brass Plumbing Component Prods. Liability Litig.*, 844 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).  The record demonstrates that the parties already have made significant progress in this direction, with State Farm's joinder of over 200 claims in a single subrogation action in the Northern District of Illinois and American Family's joinder of multiple claims in two other actions.

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          Paul J. Barbadoro
Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan

---

[4]  The putative class actions also raise numerous consumer protection claims (including a claim for a nationwide recall), which are not at issue in the other 33 actions.

IN RE: ELECTROLUX DRYER PRODUCTS  
LIABILITY LITIGATION                                               MDL No. 2477

## SCHEDULE A

    <u>Northern District of Alabama</u>

Farmers Insurance Exchange v. Electrolux Home Products, Inc., C.A. No. 2:12-01993  
Fire Insurance Exchange v. Electrolux Home Products, Inc., C.A. No. 7:12-01992

    <u>Eastern District of Arkansas</u>

Tammie Humphrey v. Electrolux Home Products, Inc., C.A. No. 4:12-00157

    <u>Central District of California</u>

TOPA Insurance Company v. Electrolux North America Inc., et al., C.A. No. 5:13-01011  
Shawn Roberts, et al. v. Electrolux Home Products, Inc., C.A. No. 8:12-01644

    <u>Southern District of California</u>

American National Property and Casualty Company v. Electrolux Home Products, Inc.,  
    C.A. No. 3:11-01340

    <u>Northern District of Georgia</u>

Mohammad Abu-Abed v. Electrolux Home Products, Inc., C.A. No. 1:12-00571

    <u>Central District of Illinois</u>

Badger Mutual Insurance Company v. Electrolux North America, Inc.,  
    C.A. No. 1:13-01207

    <u>Northern District of Illinois</u>

Allstate Insurance Company v. Electrolux Home Products, Inc., C.A. No. 1:09-06379  
State Farm Fire and Casualty Company, et al. v. Electrolux Home Products, Inc.,  
    C.A. No. 1:11-08946  
American Family Mutual Insurance Company v. Electrolux Home Products, Inc.,  
    C.A. No. 1:12-09309  
Thomas White v. Electrolux Home Products, Inc., C.A. No. 1:13-01617  
Member Select Insurance Company v. Electrolux North America, Inc.  
    C.A. No. 1:13-03665  
Member Select Insurance Company v. Electrolux Home Products, Inc., et al.,  
    C.A. No. 1:13-04097

- A2 -

Northern District of Indiana

Homesite Insurance Company of The Midwest v. Electrolux Home Products, Inc, et al., C.A.
    No. 1:11-00042
Indiana Farm Bureau Insurance Company v. Electrolux Home Products, Inc.,
    C.A. No. 1:13-00028
Justin Alexander v. Electrolux Home Products, Inc., C.A. No. 2:12-00047
State Farm Fire & Casualty Company v. Electrolux Home Products, Inc.,
    C.A. No. 3:08-00436

Southern District of Indiana

Indiana Farm Bureau Insurance Company v. Electrolux Home Products, Inc.,
    C.A. No. 1:13-00174

Western District of Kentucky

Kentucky Farm Bureau Mutual Insurance Company v. Electrolux Home Products, Inc.,
    C.A. No. 3:12-00732

Western District of Louisiana

State Farm Fire & Casualty Insurance Co. v. Electrolux Home Products, Inc.,
    C.A. No. 2:12-02702

Eastern District of Michigan

Citizens Insurance Company of America v. Electrolux Home Products, Inc.,
    C.A. No. 2:12-13799

District of New Hampshire

Bernard K., et al., v. Electrolux Home Products, Inc., C.A. No. 1:12-00195

District of New Jersey

New Jersey Manufacturers Insurance Group/ASO Linda Ann Pawlowski v. Electrolux, Inc.,
    C.A. No. 2:10-01952
New Jersey Manufacturers Insurance Group v. Electrolux Home Products, Inc.,
    C.A. No. 3:12-01966
New Jersey Manufacturers Insurance Company, et al. v. Electrolux Home Products,
    Inc., C.A. No. 3:12-02815

- A3 -

Eastern District of New York

Metropolitan Property & Casualty Insurance Company v. Electrolux Home Products,
    Inc., C.A. No. 1:12-05065
State Farm Fire & Casualty Company v. Electrolux Home Products, Inc.,
    C.A. No. 2:10-03901

Northern District of New York

Broome Co-Operative Insurance Company v. Electrolux North America, Inc.,
    C.A. No. 6:13-00132

Southern District of New York

Oleg Cassini, Inc. v. Electrolux Home Products, Inc., C.A. No. 1:11-01237

Northern District of Ohio

Allstate Insurance Company v. Electrolux Home Products, Inc., et al.,
    C.A. No. 1:13-00345
American Family Mutual Insurance Company v. Electrolux Home Products, Inc.,
    C.A. No. 3:12-03000

Southern District of Ohio

State Automobile Mutual Insurance Company v. Electrolux Home Products, Inc.,
    C.A. No. 1:12-00843

Eastern District of Pennsylvania

State Farm Fire & Casualty Company v. Electrolux Home Products, Inc.,
    C.A. No. 2:13-02562

Western District of Wisconsin

American Family Mutual Insurance Company, et al. v. Electrolux Home Products, Inc.,
    C.A. No. 3:11-00678